UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDERICK P. DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-CV-1215 RLW |
| HEATHER M. RUBLE, et al, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Frederick P. Davis's Motion for Partial Summary Judgment. (ECF No. 47). Defendant Heather M. Ruble opposes the motion, which is fully briefed and ripe for review. For the reasons that follow, the Court denies Plaintiff's motion and enters summary judgment in favor of Defendant Ruble.

*I. Background*

Plaintiff Frederick P. Davis is incarcerated at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). He is proceeding in this matter pro se without the assistance of counsel. Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, seeking relief for alleged violations of his rights under the U.S. Constitution while he was incarcerated at ERDCC. (ECF No. 1). Plaintiff claims that employees at ERDCC took adverse action against him following an incident when two corrections officers denied his request for a roll of toilet paper, and he later complained and was given one by their supervisor.

On April 18, 2022, the Court conducted a frivolity review pursuant to 28 U.S.C. § 1915(e)(2). Liberally construing the allegations in Plaintiff's Complaint, the Court found that

Plaintiff plausibly stated the following two claims against two corrections officers: First Amendment retaliation against Defendant Ashley Naucke in her individual capacity, and Eighth Amendment retaliation against Defendants Ashley Naucke and Heather Ruble in their individual capacities. Plaintiff's claims against Kimberly Bennett and John Doe Claxton were dismissed without prejudice. On October 6, 2022, pursuant to Fed. R. Civ. P. 4(m), the Court dismissed without prejudice Plaintiff's claims against Defendant Ashley Naucke for failure to obtain service.[1] (ECF No. 36).

Following discovery in the case, Plaintiff now moves for summary judgment with regard to liability against Defendant Ruble. Plaintiff argues that the undisputed facts establish that Defendant Ruble violated his rights under the Eighth Amendment. Defendant Ruble opposes Plaintiff's motion and filed an opposition, to which Plaintiff filed a reply.

## II. Summary Judgment Standard

The standard applicable to summary judgment motions is well settled. Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the

---

[1] The Court also ordered that the Clerk of Court to correct the spelling of Defendant Ruble's name, who was originally sued as Jane Doe Rubel, and to change the short caption of the case. (ECF Nos. 13, 36).

2

burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in his pleadings but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir. 1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson, 477 U.S. at 248). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact, see Crossley v. Georgia-Pac. Corp., 355 F.3d 1112, 1114 (8th Cir. 2004), and "must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." Davidson & Assocs. v. Jung, 422 F.3d 630, 638 (8th Cir. 2005).

### III.  Undisputed Facts

In support of his Motion for Partial Summary Judgment, Plaintiff submitted a separate Statement of Uncontroverted Material Facts ("SUMF"). (ECF No. 48).  Plaintiff, however, did not comply with the Local Rules in that he failed to provide appropriate citations to the record to support the facts in his SUMF. See E.D. Mo. L.R.  4.01(E). That said, Plaintiff filed a Memorandum in Support of Summary Judgment in which he repeated facts from his SUMF. (ECF No. 49).  In his Memorandum, Plaintiff did provide citations to the record, and he also attached a

3

number of exhibits, including a declaration from Jeffrey Smith, another inmate at ERDCC; his own declaration; and documents from ERDCC.  In addition, when Plaintiff initiated this suit, he filed a verified Complaint that was signed under penalty of perjury.  (ECF. No. 1 at 27).

Under Rule 56 of the Federal Rules of Civil Procedure and applicable law, affidavits and declarations, including those of a party to the suit, are evidence for purposes of summary judgment. Argenyi v. Creighton Univ., 703 F.3d 441, 446 (8th Cir. 2013).  A properly executed affidavit or declaration based on personal knowledge that sets out facts that would be admissible in evidence must be considered for purposes of summary judgment.  Id., see also Fed. R. Civ. P. 56(c)(4).  The Court will afford Plaintiff, who is proceeding without the assistance of counsel, some leniency in complying with the Local Rules.  The Court will consider the documents and declarations Plaintiff submitted with his Memorandum and his verified Complaint in determining what facts are established and/or disputed for purposes of summary judgment.

In opposing Plaintiff's Motion for Summary Judgment, Defendant Ruble filed a Response to Plaintiff's SUMF, but she did not comply with the Local Rules either.  Defendant Ruble disputes of number of the facts in Plaintiff's SUMF, but for a number of the facts, she failed to set forth citations to the record upon which she was relying.  (ECF No. 54, at 6, 8-10).  Furthermore, Defendant Ruble did not set out her own set of facts, but she concluded her Response to Plaintiff's SUMF by stating, "Defendant incorporates Dft. Ex. 1, Bates 000001-000044 into its responses to Plaintiff's Undisputed Facts #1-22."  Attached to Defendant Ruble's Response is a 44-page exhibit that contains a number of documents including grievances, grievance responses, conduct violations reports, interoffice communications, emails, and handwritten correspondence.  Defendant Ruble is represented by counsel, and the Court declines to wade through Defendant's exhibits in search of evidence to support her denials.

4

Therefore, after reviewing the record, and with the summary judgment standard in mind, the Court accepts the following facts as true for purposes of resolving Plaintiff's Motion for Summary Judgment:

Plaintiff is incarcerated at ERDCC and has been at all times relevant to his Complaint. On February 18, 2020, Defendant Ruble and Ashley Naucke were working as Corrections Officers ("COI") at ERDCC. Defendant Ruble was assigned to the housing unit control center where Plaintiff was housed. That day, Plaintiff approached the housing unit control center and asked Defendant Ruble for a roll of toilet paper. Both Defendant Ruble and COI Naucke were in the control center at the time, and both women denied Plaintiff's request for a roll of toilet paper. Shortly thereafter, Plaintiff complained to Lieutenant Kimberly Bennett, Defendants Ruble's and COI Naucke's supervisor, and asked her for a roll of toilet paper. Lieutenant Bennett gave one to Plaintiff, and he returned to his assigned cell and locked down.[2]

Later that day, although it is not clear as to the time, Plaintiff attempted to get out of his cell for wing recreation, but his cell remained locked. Inmate Jeffery Smith asked Defendant Ruble to open Plaintiff's cell door for wing recreation, and Defendant Ruble refused. According to Mr. Smith, Defendant Ruble stated that she and COI Naucke had taken Plaintiff's recreation, because Plaintiff "had gotten smart with COI Naucke." (ECF NO. 40, Ex. 1 at 2). Defendant Ruble did

---

[2]The Complaint alleges that the incident at issue occurred on February 18, 2021. (ECF No. 1 at 3). On December 19, 2022, Plaintiff filed a Motion for Leave to Amend his Complaint to correct the date of the incident, among other things. (ECF No. 40). The Court reviewed the proposed Amended Complaint, which was attached to his motion for leave, and denied Plaintiff's motion, because he was attempting to assert claims against defendants who had previously been dismissed from the case, and Plaintiff had provided no basis for reviving claims against these defendants. As for the date of the incident at issue in this case, the Court wrote, "any clarification regarding when the incident occurred can be made through the course of discovery." (ECF No. 41 at 1). Plaintiff's declaration, as well as other documents in the record, such as grievances and responses to grievances, establish that the events in this case took place in February 2020.

5

not open Plaintiff's cell until Plaintiff's cellmate returned from his kitchen job to allow the cellmate to enter the cell.  It is unclear from the record how long Plaintiff was locked in his cell before his cellmate returned. It is also unclear how much recreation time Plaintiff missed due to being locked in his cell. According to allegations in the Complaint, Plaintiff's cellmate returned to the housing wing before recreation time had started.  "Unbeknownst to the plaintiff at the time, his cellmate [ ] had returned early from his kitchen job and was waiting in the wing for the recreation rotation to began [sic]."  (ECF No. 1 at 8, ¶39).  Plaintiff exited his cell after Defendant Ruble opened the cell door for his cellmate.  When released from his cell, Plaintiff did not participate in recreation time, instead he went to see Lieutenant Bennett to complain.

## *IV. Discussion*

In opposing summary judgment, Defendant Ruble argues that Plaintiff has failed to establish a constitutional claim against her.  She also argues that she is entitled to qualified immunity.  In addition, Defendant Ruble contends Plaintiff's claims are barred by the statute of limitations.

Plaintiff brings his claim against Defendant Ruble pursuant to 42 U.S.C. § 1983.  Section 1983 "does not confer substantive rights" but rather it the mechanism "to vindicate rights conferred by the Constitution or laws of the United States."  Wilson v. Spain, 209 F.3d 713, 715 (8th Cir. 2000).  To state a claim under § 1983, Plaintiff must set forth two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights.  Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990).  With regard to

6

individual defendant, liability for damages under § 1983 is personal, and "each defendant's conduct must be independently assessed.  Section 1983 does not sanction tort by association." Smith v. City of Minneapolis, 754 F.3d 541, 547–48 (8th Cir. 2014) (citing Heartland Acad. Cmty. Church v. Waddle, 595 F.3d 798, 805–06 (8th Cir. 2010) (citation and internal quotation marks omitted)); see also S.M. v. Krigbaum, 808 F.3d 335, 340 (8th Cir. 2015).

A prisoner's rights under the Eighth Amendment are violated if a prison official "impose[s] a disciplinary sanction against a prisoner in retaliation for the prisoner's exercise of his constitutional right."  Meuir v. Greene Cnty. Jail Emps., 487 F.3d 1115, 1119 (8th Cir. 2007). See also Haynes v. Stephenson, 588 F.3d 1152, 1153 (8th Cir. 2009); Goff v. Burton, 7 F.3d 734, 738 (8th Cir. 1993).  A § 1983 retaliation claim requires the plaintiff to "show (1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." Spencer v. Jackson Cnty. Mo., 738 F.3d 907, 911 (8th Cir. 2013) (quotation omitted).  See also Haynes, 588 F.3d at 1153; Meuir, 487 F.3d at 1119.  "The retaliatory conduct itself need not be a constitutional violation; the violation is acting in retaliation for the exercise of a constitutionally protected right."  Spencer, 738 F.3d at 911 (quotation omitted).  It is the prisoner's burden to prove "that but for an unconstitutional, retaliatory motive the [discipline] would not have occurred." Sisneros v. Nix, 95 F.3d 749, 752 (8th Cir. 1996).

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Pearson v. Callahan, 555 U.S. 223, 231 (2009) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  Officials are entitled to qualified

7

immunity "unless (1) the evidence, viewed in the light most favorable to the plaintiffs, establishes a violation of a constitutional or statutory right, and (2) the right was clearly established at the time of the violation, such that a reasonable officer would have known that his actions were unlawful." Bernini v. City of St. Paul, 665 F.3d 997, 1002 (8th Cir. 2012).

Plaintiff has not established that he engaged in a constitutionally protected activity with regard to his claim against Defendant Ruble.  According to the facts, Plaintiff argued with Defendant Ruble about receiving a roll of toilet paper, she refused to give him one, and he went over her head to her supervisor to get a roll.  Plaintiff has not pointed to, and the Court has found no legal authority to support Plaintiff's contention that arguing with a guard and going to a supervisor amounts to constitutionally protected activity that would support a claim of retaliation under the Constitution.  Filing a grievance is a constitutional protected activity protected by the First Amendment.  See Gonzalez v. Bendt, 971 F.3d 742, 744–45 (8th Cir. 2020); Lewis v. Jacks, 486 F.3d 1025, 1029 (8th Cir. 2007); Haynes, 588 F.3d at 1155–56.  However, there is no evidence in the record that Plaintiff filed a grievance against Defendant Ruble.  It appears that Plaintiff did file a grievance against COI Naucke, but the grievance was filed after Defendant Ruble would not open Plaintiff's cell for recreation time.

Plaintiff also has not established that Defendant Ruble took adverse action against him that would chill a person of ordinary firmness from continuing the activity.  To show unconstitutional retaliation, the alleged retaliatory act must be more than de minimis or inconsequential to support a retaliation claim.  See Walker v. Bowersox, 526 F.3d 1186, 1190 (8th Cir. 2008) (citing Morris v. Powell, 449 F.3d 682, 684–85 (5th Cir. 2006)). The ordinary-firmness test is designed to weed out trivial matters from substantial violations of the Constitution. Santiago v. Blair, 707 F.3d 984, 992 (8th Cir. 2013). The test is an objective one, not subjective.  Garcia v. City of Trenton, 348

8

F.3d 726, 729 (8th Cir. 2003). Summary judgment is appropriate if there is insufficient evidence that the adverse action would deter a person of ordinary firmness from continuing to engage the protected activity. Id.

Even if the Court were to find that Defendant Ruble's actions were motivated by her desire to stop Plaintiff from continuing to complain to her boss, her conduct was not severe enough to amount to a constitutional violation. The Eighth Circuit has not specifically addressed whether withholding recreation time can amount to an adverse action, but the Court finds the facts of this case are on par with Walker v. Bowersox, a case where a prisoner plaintiff claimed that the defendants twice gave him an alternative food tray that was different from other inmates. Id. The Eighth Circuit found that although the action was "purportedly retaliatory," the action was "not sufficiently severe to amount to a constitutional violation." Id. Compare Williams v. Horner, 403 F. App'x 138, 141 (8th Cir. 2010) (allegation that defendant correctional officer refused to turn on plaintiff's cell lights on five occasions, for a period of eight hours over a seven-month period, was properly dismissed).

To qualify as an adverse action, the Eighth Circuit requires the conduct to be tangibly more severe than withholding recreation time for one afternoon or less. See, e.g., De Rossitte v. Correct Care Solutions, LLC, 22 F. 4th 796, 798 (8th Cir. 2022) (prison officials delayed providing the plaintiff medical treatment and failed to renew his prescriptions or provide other necessary medical items); Santiago, 707 F.3d at 993–94 (the plaintiff was placed in a cell without his personal property, bedding, running water, or a working toilet and was threatened with physical harm); Nelson v. Shuffman, 603 F.3d 439, 450 (8th Cir. 2010) (the plaintiff was held in isolation in a structurally unfinished and inadequate ward and deprived of access to legal counsel, mail, family, recreation, and phone calls); Rollie v. Kemna, 124 F. App'x 471 (8th Cir. 2005) (prison officials

9

extended the plaintiff's sentence in solitary confinement from six months to one year); Cooper v. Schriro, 189 F.3d 781, 784 (8th Cir. 1999) (prison officials shut off the plaintiff's water for five days); Trobaugh v. Hall, 176 F.3d 1087, 1088-89 (8th Cir. 1999) (placing the plaintiff in administrative segregation for three days); Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994) (prison official's threat that he would physically harm the plaintiff was an adverse action); Dixon v. Brown, 38 F.3d 379 (8th Cir. 1994) (a prison official filing a false disciplinary charge is an adverse action).

Keeping Plaintiff locked in his cell while other inmates lined up for recreation time does not rise to the level of conduct that the Eighth Circuit has recognized as an adverse action. Defendant Ruble's action was short in duration and did not inflict physical pain or mental anguish. The Court follows courts from other districts and finds withholding recreation time for an afternoon or less does not amount to an adverse action for purposes of a retaliation claim. See, e.g., Perry v. McDaniel, No. 4:20-CV-00052-JM-JJV, 2022 WL 952689, at *7 (E.D. Ark. Mar. 17, 2022), report and recommendation adopted, No. 4:20-CV-00052-JM-JJV, 2022 WL 947333 (E.D. Ark. Mar. 29, 2022), aff'd, No. 22-1981, 2022 WL 16843142 (8th Cir. Sept. 8, 2022) ("A single day of being left off the yard list is not something that would deter a prisoner of ordinary firmness from filing grievances."); Hatfield v. Daviess Cnty. Det. Ctr., No. 4:17-CV-P12-JHM, 2017 WL 1731713, at *4 (W.D. Ky. May 2, 2017) ("Plaintiff cannot state a retaliation claim against [the defendant ] because the alleged denial of a one-hour recreation period on one occasion does not rise to the level of an 'adverse action.'").

### V. Conclusion

In sum, Plaintiff has failed to establish a claim that Defendant Ruble retaliated against him in violation of the Eighth Amendment.  He has not shown that he engaged in a protected activity

before Defendant Ruble locked his cell. And he has not established that Defendant Ruble's conduct in keeping him in his cell during recreation time amounted to an actionable adverse action. Because Plaintiff has failed to establish a constitutional violation, Defendant Ruble is also entitled to qualified immunity. Bernini, 665 F.3d at 1002. Defendant Ruble is entitled to summary judgment on Plaintiff's claim against her.[3]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Partial Motion for Summary Judgment as to liability against Defendant Heather Ruble is **DENIED**.  [ECF No. 47].  Consistent with the terms of this Memorandum and Order, the Court finds Defendant Heather Ruble is entitled to judgment as a matter of law in her favor.

An appropriate judgment shall accompany this Memorandum and Order.

*[signature: Ronnie L. White]*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this  28th  day of March, 2024.

---

[3] Defendant Ruble also argues Plaintiff's claim is barred by a one-year statute of limitations. While the Court need not consider this argument, the Court notes that the Eighth Circuit applies Missouri's five-year statute of limitations for personal injury torts to actions brought under § 1983 by Missouri offenders. See Sulik v. Taney Cnty., Mo., 393 F.3d 765, 767 (8th Cir. 2005) ("Missouri's five-year statute of limitations for personal injury actions, Mo. Rev. Stat. § 516.120(4) (2000), applies to all of [plaintiff's] section 1983 claims."); see also Milliman v. Howell Cnty., Mo., No. 21-3388, 2022 WL 5237993, at *1 (8th Cir. Oct. 6, 2022) (per curiam) (affirming district court decision which discussed the applicability of a five-year limitations period for prisoner § 1983 claims, citing Sulik and Mo. Rev. Stat. § 516.120).